W. H. BEAZLEY *v.* A. J. MERSHON.

Judicial Sales—Stare Decisis—Former Appeals—Demurrer Properly Sustained.

APPEAL FROM GARRARD CIRCUIT COURT.

December 15, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Deeming it unnecessary to enter upon a history of this protracted litigation it may be sufficient to state that after several appeals had been prosecuted from the original judgment, and subsequent final orders, and the sale of the real estate which is the subject of this controversy, had several times been recognized by this court as valid,

First, on the appeal prosecuted from the original judgment, this court, in the opinion then delivered, expressly stated that the reversal of the judgments in the consolidated cases would not avoid the sales.

Second, in an opinion delivered in the case in April, 1866, it is said that the court below, in refusing to permit appellant to file an answer tendered by him, which opened the whole case as to the sale, and opened it for litigation *in personam,* instead of in *rem,* and should the appellant finally succeed in quashing the at tachment, or *defeating the claims of any* of the other creditors to any extent, *the sales standing,* his remedy *pro tanto* may be on the bonds of the defeated appellees. *1 Bush 466.*

Again, last January, the question presented by this appeal was before this court on a motion to file a pleading in the nature of a bill of review, substantially the same as the one now under consideration, and in the opinion of the court then delivered, it is said, by *section 579, Civil Code,* the court in which a judgment, or final order, has been rendered, or made, shall have power, after the expiration of the term, to vacate or modify such judgment or order *for eight* specific causes, which fully embrace every cause for a bill of review. *6 Bush.*

This ruling is in conformity with *Anderson vs. Anderson 18 B.*

*Mon. 97; McLean vs. Gixan, Ib. 774; Hocker, &c., vs. Gentry, 3 Met. 463, McManama vs. Garnett, Ib. 517.*

It is manifest from an examination of the pleading in this case that none of the causes for which a judgment can be vacated or modified, as prescribed in *section 579* of Civil Code, are embraced in it, consequently the demurrer was properly sustained to it by the court below.

If appellant had resorted to the remedy suggested in the opinion in *1 Bush, supra,* a redress of the grievances complained of, to some extent at least might before this have been obtained. Be that, however, as it may the courts have no power over the former judgments complained of, nor to give relief in the mode herein sought.

Wherefore, the judgment of the court below sustaining appellee's demurrer, dismissing the petition and awarding to appellee a writ of possession is affirmed.

*Owsley & Burdell, Bradley, for appellant.*
*Dunlap, for appellee.*